## Case No. 2,006a.

BROWN v. The GIDEON LEE.

[Betts' Scr. Bk. 547.]

District Court, S. D. New York. Dec., 1856.

COLLISION—WITH VESSEL AT PIER.

[A vessel is liable for injuries caused by her when, in attempting to reach a dock, she is brought so close to a vessel already lying there that a collision is caused by the action of the tide.]

In admiralty. This libel was filed [by Thomas Brown and others against the sloop Gideon Lee] to recover the damages occasioned to the libellants' vessel, the Stella, by a collision with the sloop. The Stella was properly moored alongside of a dock at Jersey City, and the Gideon Lee was run into the slip or basin above the Stella, with intent to pass in beyond the place of her mooring, alongside of the dock in her rear. The night was dark, and those in charge of the sloop, not being aware of the position of the Stella, came in so near her that the ebb tide swept her down upon the side of the Stella, and caused injury to her. [Decree for libellants.]

Mr. Haskett, for libellants.
Brown, Hall & Vanderpoel, for claimants.

BETTS, District Judge. The position taken by the Stella was a proper one, and nothing was omitted on her part in placing herself there, which was not allowed in itself, or which tended to produce the collision complained of. It was the duty of the crew of the Gideon Lee, in attempting to bring her into the dock, in a dark night, and past the place usually occupied by vessels, to use all proper care and precaution so to manage her as to protect the vessels which lie there from injury. The collision occurred from the omission of such prudent and skilful conduct on the part of the Gideon Lee. Decree for libellants, with reference.

## Case No. 2,007.

BROWN v. GILLES.

[3 Cranch, C. C. 363.][1]

Circuit Court, District of Columbia. Dec. Term, 1828.

JUDGMENT—SCIRE FACIAS—AMENDMENT.

A scire facias to revive a judgment, on confession for damages only, in an action of debt, cannot be amended, if it is conformable to the judgment; nor can the judgment be amended upon nul tiel record, in scire facias.

[At law. Brown, administrator of Smith, v. George Gilles. Motion to amend judgment and scire facias denied.]

Mr. Wallach, for the defendant, moved the court to amend the original judgment and the scire facias, upon the plea of nul tiel record, and cited the following authorities: Braswell v. Jeco, 9 East, 316; Patrick v. Woods, 3 Bibb, 232; Perkins v. Petit, 2 Bos. & P. 275; Bucksome v. Hoskin, 2 L. Raym. 1057.

Mr. Key, contra. The scire facias cannot be amended unless there be something to amend by. The scire facias is conformable to the judgment, which was confessed for damages only, in an action of debt. The issue is nul tiel record, but there is such a record of such a judgment. The scire facias is correct.

THE COURT awarded the execution.